JACOB M. HARPER (State Bar No. 259463)
  jacobharper@dwt.com
KATELYN A. FELICIANO (State Bar No. 350385)
  katelynfeliciano@dwt.com
DANIEL IMAKYURE (State Bar No. 356869)
  danielimakyure@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

*Attorneys for Defendant Gainful Health Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE CODY,<br><br>            Plaintiff,<br><br>vs.<br><br>GAINFUL HEALTH INC., a Delaware company,<br><br>            Defendant. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>[From the Superior Court of California, County of Riverside CRVI2500253]<br><br>Action Filed: January 15, 2025<br>FAC Filed: May 2, 2025<br>Action Removed: May 30, 2025 |

**TO THE CLERK AND TO PLAINTIFF AND HER ATTORNEYS:**

**PLEASE TAKE NOTICE** that defendant Gainful Health, Inc. (Gainful) hereby removes this action from the Superior Court of the State of California for the County of Riverside to the United States District Court for the Central District of California. Gainful is entitled to remove this action to federal district court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 based on the following:

## State Court Action

1. On January 15, 2025, plaintiff Annette Cody commenced this action in the Superior Court of the State of California in and for the County of Riverside, captioned *Annette Cody v. Gainful Health, Inc.*, Case No. CVRI 2500253 (the State Court Action). A true and correct copy of the complaint in the State Court Action is attached hereto as **Exhibit 1** (the Complaint). Ms. Cody served the Complaint on Gainful on February 2, 2025.

2. Ms. Cody's Complaint alleged nothing more than generalized assertions that Gainful sold some ambiguous protein powder in packaging containing non-functional slack fill. (Compl. ¶¶ 1–3.) She alleged no details of the alleged purchase at issue, only claiming she "purchased the Product" "[w]ithin the statute of limitations period," including the "six months prior to filing this Complaint." (*Id*. ¶¶ 4, 34.c.) Ms. Cody brought claims for common law fraud and violations of the California Consumers Legal Remedies Act (CLRA), Cal. Civ. Code § 1750 *et. seq.* (*Id*. ¶¶ 25–41.) She sought "[a]n order requiring Defendant to add a conspicuous 'fill line' to the front of the Product's packaging sold in California; actual, statutory, and punitive damages, [a]ttorneys' fees and costs; and all other relief at law or in equity that may be just and proper." (Compl. at Prayer.)

3. On April 17, Gainful filed its demurrer to Ms. Cody's Complaint on grounds that she failed to allege facts sufficient to state a cause of action and that her Complaint was uncertain, ambiguous, and unintelligible. A true and correct

DEFENDANT'S NOTICE OF REMOVAL
2
DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

copy of the demurrer to the Complaint in the State Court Action is attached hereto as **Exhibit 6** (the Demurrer).

4. On May 2, 2025, following Gainful's demurrer, Ms. Cody served the First Amended Complaint (FAC) on Gainful. A true and correct copy of the complaint in the State Court Action is attached hereto as **Exhibit 10** (the FAC).

5. Ms. Cody's FAC for the first time contains class action allegations, purporting to bring this action on behalf of a class defined as " All persons within the state of California who purchased the Product containing nonfunctional slack-fill from a retailer within the statute of limitations period and whose rights were violated as described above." (FAC ¶ 58.)

6. The FAC for the first time includes allegations that Ms. Cody purchased Gainful protein bundle on Amazon.com (*id.* ¶ 19) despite still identifying a different product—Gainful's Customized Protein—elsewhere. (*Id* ¶ 3.) The FAC also now includes a broader request for injunctive relief, "enjoining Defendant from continuing to package and/or label the Product as challenged herein." (FAC at Prayer.)

7. In addition to the pleadings and filings mentioned above, all other pleadings, processes, and orders served upon or received by Gainful in the State Court Action or found on the docket in that action are attached hereto.

    a. The Complaint is attached hereto as **Exhibit 1**;

    b. The Summons is attached hereto as **Exhibit 2**;

    c. The Civil Case Cover Sheet is attached hereto as **Exhibit 3**;

    d. The Declaration Regarding Plaintiff's Inability to Meet and Confer with Gainful regarding its demurrer is attached hereto as **Exhibit 4**;

    e. The Stipulation for Extension of Time to Respond to Complaint is attached hereto as **Exhibit 5**;

    f. Gainful's Demurrer to Ms. Cody's Complaint is attached hereto as **Exhibit 6**;

DEFENDANT'S NOTICE OF REMOVAL — 3

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

g. The Proposed Order Sustaining Gainful's Demurrer is attached hereto as **Exhibit 7**;

h. The Request for Judicial Notice in support of Demurrer is attached hereto as **Exhibit 8**;

i. The Declaration of Peter K. Bae in support of Demurrer and the exhibits thereto are attached hereto as **Exhibit 9**;

j. The FAC filed by Ms. Cody on May 2, 2025 is attached hereto as **Exhibit 10**;

k. A copy of the docket in the State Court Action is attached hereto as **Exhibit 11**;

8. The State Court Action is removable to this Court because the Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), and the Central District of California encompasses the location in which the State Court Action is currently pending (Riverside, California). *See* 28 U.S.C. § 84 (setting Riverside County in the Central District); *id.* § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.").

## The Action Is Removable Under Diversity Jurisdiction, 28 U.S.C. § 1332(a)(1)

9. This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

### *The Parties Are Citizens of Different States*

10. An action is removable based on diversity jurisdiction if the controversy is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

11. On information and belief, Ms. Cody is a citizen and resident of California. (Compl. ¶ 4.) On information and belief, since 2022 she has filed at least 60 consumer lawsuits in California state and federal courts.

12. Gainful is a corporation incorporated in Delaware and has its principal place of business in New York City, New York. Gainful is not incorporated in nor does it have its principle place of business in California. A corporation is a citizen of every state in which it is incorporated and of the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Gainful is thus a citizen of Delaware and New York and not a citizen of California for purposes of determining diversity.

13. Therefore, complete diversity of citizenship exists between the parties in this case.

### *The Amount in Controversy Exceeds $75,000*

14. Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). To establish the amount in controversy, a notice of removal "need not contain evidentiary submissions." *Id.* Rather, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

15. For purposes of removal only, and without conceding Ms. Cody is entitled to any damages, remedies, or penalties whatsoever, the aggregated claims, as pleaded in the FAC, exceed the jurisdictional amount of $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("the amount in controversy is the 'amount at stake in the underlying litigation'") (citation omitted); *Woods v. CVS Pharmacy, Inc.*, 2014 WL 360185, at *2 (C.D. Cal. Jan. 30, 2014) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what

DEFENDANT'S NOTICE OF REMOVAL     5

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

a defendant will *actually* owe.") (citation omitted).  At least $75,000 is at stake in this litigation as independently established through the following elements:

   a. *Cost of Injunctive Relief will Exceed $75,000.*  Ms. Cody seeks injunctive relief in the FAC which for the first time includes sweeping language that would require Gainful to completely cease or modify its current pricing, packaging, labeling, and advertising practices for several products.  (*Compare* Compl. at Prayer (requiring the addition of a "conspicuous fill line") *with* FAC at Prayer (requesting order enjoining Gainful "from continuing to package and/or label the Product as challenged herein.").)

   b. Ms. Cody further claims Gainful's alleged slack fill may be addressed by a range of invasive measures such as changing package size, adding fill lines to labeling, adding more product, and even retooling Gainful's production line.  (*See*, *e.g.*, *id*. ¶¶ 35–37.)

   c. Moreover, Ms. Cody's generalized pleading places at issue sixteen distinct formulations of Gainful's Customized Protein from Gainful's website, as well as two additional Gainful products sold on Amazon—each of which would be subject to the costly changes Ms. Cody seeks to impose through injunctive relief.  (*See id.* ¶ 1 (defining "Product" as any "protein powder nutritional supplement food product under the Gainful brand name with a net weight of 14.8 ounces"); *id.* ¶ 19 (alleging Ms. Cody purchased the product on Amazon).)

   d. The "costs of complying with an injunction" are considered in calculating the amount in controversy.  *Fritsch*, 899 F.3d at 793; *see Pagel v. Dairy Farmers of Am., Inc.*, 986 F. Supp. 2d 1151, 1158 (C.D. Cal. 2013).  Measures such as creating a new pricing and advertising strategy or retooling production and packaging machinery are complicated and time-consuming tasks, and Gainful in no way concedes that such relief is justified or appropriate.  The costs to Gainful of complying with Ms. Cody's requested injunctive relief alone will likely exceed $75,000.

   e. *Attorney's Fees Will Exceed $75,000.* The FAC also seeks attorneys' fees. (FAC at Prayer.) In the Ninth Circuit, the amount in controversy includes future attorneys' fees. *See Fritsch*, 899 F.3d at 794 ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met"). Under the CLRA, "[t]he court shall award court costs and attorney's fees to a prevailing plaintiff in litigation." Cal. Civ. Code § 1780(e). A removing defendant can establish the likely attorneys' fees for purposes of determining the amount in controversy by identifying cases in which the plaintiff's counsel has requested similar fees. *See Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 n.4 (9th Cir. 2020).

   f. Ms. Cody's attorney, Scott J. Ferrell, sought and was awarded attorneys' fees in an individual action at an hourly rate of $850 in 2022. *See Hedley & Bennett, Inc. v. Mejico,* 2022 WL 2309891, at *2 (C.D. Cal. June 24, 2022) (awarding attorney's fees to Mr. Ferrell at a rate of $850 per hour, and to his colleague at a rate of $750 per hour). *See also Martin v. Servicemaster Co., LLC*, 2018 WL 11483059, at *2 (C.D. Cal. Aug. 28, 2018) (denying motion to remand because the amount in controversy was met in part by attorney's fees based on Mr. Ferrell's then-rate of $750 per hour).

   g. A plaintiff's counsel is likely to have spent dozens of hours in conducting due diligence, drafting, and serving the complaint and preparing other filings. Plaintiff's counsel has also already spent additional time amended the Complaint to respond to Gainful's motion to dismiss in state court.

   h. Further, in her FAC, Ms. Cody for the first time includes class allegations, purporting to bring this action on behalf of a class defined as "[a]ll persons within the state of California who purchased the Product containing nonfunctional slack-fill from a retailer within the statute of limitations period and whose rights were violated as described above." (FAC ¶ 58.) Give that resolution of this matter now likely includes litigation of class issues in addition to Ms. Cody's

7

DEFENDANT'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

individual claim, her attorney would likely seek an award of at least **$75,000** in fees—for this amount he need bill only about 89 hours (at Mr. Ferrell's estimated rate of $ 850 per hour).

    i. The time Ms. Cody's counsel has already expended in investigating and drafting the Complaint and drafting the FAC to respond to Gainful's first motion to dismiss, the time counsel will spend responding to Gainful's anticipated motion to dismiss the FAC and, should this litigation proceed past the pleadings, discovery and motion practice on class certification and summary judgment will easily require Ms. Cody's counsel to expend more than 89 hours on this case.

  16. Ms. Cody's pleaded assertions and theories of recovery establish the amount in controversy exceeds $75,000 as either the injunctive relief or attorneys' fees alone will exceed $75,000.  Removal is proper where, as here, Gainful provides "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89.

### Gainful Satisfies the Requirements of 28 U.S.C. § 1446

  17. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See* U.S.C. § 1446(a).

  18. This Notice of Removal has been filed within 30 days of May 2, 2025, the date Ms. Cody served the FAC on Gainful's registered agent and from which it was first ascertainable this case was removable.  *See* 28 U.S.C. § 1446(b)(2)(3). "If no ground for removal is evident in [the initial] pleading, the case is 'not removable' at that stage.  In such a case the notice of removal may be filed within thirty days after the defendant receives 'an amending pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris v. Bankers Life and Cas. Co.*, 425 F.2d 689, 694 (9th Cir. 2005) (citing 28 U.S.C. § 1446).

19. Ms. Cody's initial Complaint did not support removal because it failed to specify which and how many of Gainful's products were at issue, sought a limited form of injunctive relief, and did not contain class allegations. (*See* Compl. ¶¶ 1–3; *id.* at Prayer for Relief.)

20. The FAC, however, for the first time broadly defines the product at issue to encompass any of Gainful's protein supplement products with a net weight of 14.8 ounces, seeks broader injunctive relief and alleges new facts regarding the remedial measures Ms. Cody seeks to impose on Gainful, and expands the scope of the litigation by adding class allegations. (*See* FAC ¶¶ 1, 35–37, 58.)

21. Concurrently with the filing of this Notice, Gainful is giving written notice to all adverse parties and is filing a copy of this Notice with the clerk of the Superior Court of the State of California in and for the County of Riverside. *See* 28 U.S.C. § 1446(d).

22. Gainful does not waive and expressly reserves all objections, defenses, and exceptions authorized by law, including but not limited to those pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Gainful removes the State Court Action to this Court.

DATED: May 30, 2025                         DAVIS WRIGHT TREMAINE LLP

                                            By: */s/ Jacob M. Harper*
                                                Jacob M. Harper

                                            *Attorneys for Defendant Gainful Inc.*

9

DEFENDANT'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# **CERTIFICATE OF SERVICE BY U.S. MAIL**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 350 South Grand Avenue, Los Angeles, California 90071.

On May 30, 2025, I served the foregoing document(s) described as: **DEFENDANT'S NOTICE OF REMOVAL** by forwarding a portable document file to the electronic mail address(es) below and by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

| | |
|---|---|
| Scott J. Ferrell | Telephone: (949) 706-6464 |
| PACIFIC TRIAL ATTORNEYS | Fax: (949) 706-6469 |
| 4100 Newport Place Drive, Suite 800 | |
| Newport Beach, CA 92660 | |

*Attorney for Plaintiff Annette Cody*

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on May 30, 2025, at Los Angeles, California.

☒ Federal    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____           *Tonya Frazier* (signature)
Tonya Frazier
Print Name                                  Signature

---

DEFENDANT'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVENUE, SUITE 2700
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899