**PACIFIC TRIAL ATTORNEYS**
A Professional Corporation
Scott J. Ferrell (Bar No. 202091)
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Suite 800
Newport Beach, California 92660
Telephone: (949) 706-6464
Facsimile:  (949) 706-6469

Attorneys for Plaintiff

**UNITED STATE DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANNETTE CODY, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br>　v.<br>GAINFUL HEALTH INC., a Delaware corporation,<br><br>　　　　　　Defendant. | Case No. 5:25-cv-01373-KK-SP<br><br>**PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DECLARATION OF DANIEL IMAKYURE IN SUPPORT OF DEFENDANT GAINFUL HEALTH INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [DOC. 15-2]**<br><br>[Pl.'s Memorandum of Points and Authorities; Declaration of David W. Reid; Pl.'s Response to Def.'s Request for Judicial Notice; [Proposed] Order filed concurrently herewith]<br><br>Date:　　　November 20, 2025<br>Time:　　　9:30 a.m.<br>Courtroom:　3<br>Judge:　　　Hon. Kenly Kiya Kato |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  ARGUMENT

**A.  Exhibit D to the Imakyure Declaration Is Irrelevant to the Instant Motion.**

Although Exhibit D to the Imakyure Declaration (Doc. 15-2 at pg. 5 of 84; Page ID #375), is Plaintiff's counsel's pre-filing demand letter, which is cited in paragraph 92 of the Second Amended Complaint ("SAC") in the instant action, Exhibit D is irrelevant to the instant Motion because the instant Motion does not challenge the sufficiency of such CLRA notice at all.  That is, the instant Motion does not challenge the sufficiency of such notice under California Civil Code § 1782(a) in order to pursue a CLRA damages claim under California Civil Code § 1780(a)(1).  Defendant's gratuitous reference to the purported frailties of such pre-filing demand letter without actually raising it as an issue in the argument portion of its Memorandum is improper.

**B.  Exhibits E and F to the Imakyure Declaration Are Irrelevant to the Instant Motion.**

Defendant's reliance on Exhibits E-F to the Imakyure Declaration, (Doc. 15-2 at pgs. 6-38 of 84; Page ID#376-#408), which are the original Complaint and the First Amended Complaint ("FAC") in the instant action, is improper because such prior pleadings in the instant action have been superseded entirely by the operative pleading currently at issue, which is the SAC.  *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) ("As a general rule, when a plaintiff files an amended complaint, "[t]he amended complaint supercedes the original, the latter being treated thereafter as non-existent.") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Thus, although, in theory, the Court could take judicial notice of the existence of the original Complaint and the FAC in the instant action if they were relevant to deciding the instant Motion, here, they are not relevant to deciding the instant Motion.  Indeed, ***Defendant does not even seek judicial notice of Exhibits E-F to the Imakyure Declaration***, which confirms the impropriety of attaching such papers to the Imakyure Declaration.

**C.     Exhibit H to the Imakyure Declaration Is Irrelevant to the Instant Motion.**

Exhibit H to the Imakyure Declaration, (Doc. 15-2 at pgs. 79-84 of 84; PageID #449-#454), is objectionable because it is irrelevant to deciding the instant Motion, and is a transparent attempt to smear Plaintiff and her counsel by citing her litigation history and the litigation history of other clients' of Plaintiff's counsel's law firm.

Defendant is seeking to abuse the Motion to Dismiss procedure to bias the Court against Plaintiff and her counsel. The Court should not countenance Defendant's improper smear job tactics. *Bruno v. Quten Research Inst., LLC*, 280 F.R.D. 524, 534 (C.D. Cal. 2011) (Carter, J.) ("The Court is troubled that Defendants have devoted valuable pages in their Opposition to an apparent smear campaign . . . ."). Defendant's reference to other lawsuits filed by Plaintiff (or other clients of Plaintiff's counsel's law firm) constitutes improper character evidence that is prejudicial to Plaintiff (and her counsel), as Defendant and its counsel surely know. *See, e.g.*, *Lobato v. Gomez*, 2017 WL 931824, at *5 (E.D. Cal. Mar. 8, 2017) ("The motion is granted to the extent that the Defendants may attempt to use evidence of prior litigation history solely to show that [plaintiff] has a character trait of litigiousness."); *Henderson v. Peterson*, 2011 WL 2838169, at *6 (N.D. Cal. July 15, 2011) (Armstrong, J.). "***Personal attacks on the character or motives of the adverse party***, his counsel or his witnesses are misconduct." *Stone v. Foster*, 106 Cal. App. 3d 334, 355 (1980) (emphasis added); (California Attorney Guidelines of Civility and Professionalism § 8) ("Unless at issue or relevant in a particular proceeding, an attorney should avoid degrading the intelligence, ethics, morals, integrity, or personal behavior of others."); https://www.calbar.ca.gov/Attorneys/Conduct-Discipline/Ethics/Attorney-Civility-and-Professionalism (last visited Oct. 25, 2025). "While litigation is by its nature contentious, no circumstances justify abandoning professionalism and civility that help make the legal profession a noble pursuit." *Peak Performance Nutrition v. MediaPower, Inc.*, 2010 WL 2384412, at *6 (C.D. Cal. June 7, 2010) (Guilford, J.).

There is no prohibition against suing multiple parties in different lawsuits for separate and distinct statutory violations. *Holloway v. Full Spectrum Lending*, 2007 WL 7698843, at *8 (C.D. Cal. June 26, 2007) (Carter, J.) ("nothing in the [statute] precludes a plaintiff from suing multiple parties that have violated her rights"); *Valenzuela v. Nationwide Mutual Ins. Co.*, 686 F. Supp. 3d 969, 974 n.2 (C.D. Cal. 2023) (Frimpong, J.) ("The Court is not inclined to question Valenzuela's allegations on the basis that she has filed other similar lawsuits."); *Wilson v. Murillo*, 163 Cal. App. 4th 1124, 1128 n.3 (2008) ("Numerosity alone, however, is insufficient to show that his lawsuits are frivolous or harassing. . . . 'From all that appears, the number of lawsuits [plaintiff] has filed does not reflect that he is a vexatious litigant; rather, it appears to reflect the failure of the defendants to comply with the law.' . . . [W]e emphasize that [Appellant's] litigation history is immaterial to our resolution of this case.").

Different federal judges have different opinions about the lawyers who practice in front of them. For example, Judge Ohta of the Southern District of California had this to say about Plaintiff's counsel:

> "In your particular case, Counsel, like I said, I was very impressed with your candor. Your measured responses. Fighting the things that need to be fought. Not fighting the things that, really, cannot colorably be fought.
>
> So those are all things from which I have drawn from the fact that you do have a deep respect, not only for the Court, but for your profession and for the ethics of your profession."

Certified Copy of Reporter's Transcript of Proceedings of Motion Hearing on Oct. 11, 2023 in *Cantu v. Sunrun Inc.*, No. 3:23-cv-00974-JO-AHG, at 13:3-10 (S.D. Cal. Oct. 11, 2023) (Ohta, J.), filed on October 6, 2025 in *Sanchez v. Maggie London Int'l Ltd.*, No. 2:23-cv-02107-H-JLB, Doc. 13-4, Page ID.205-217 (S.D. Cal.).

**D.   Paragraph 7 of the Imakyure Declaration Is Irrelevant to the Instant Motion.**

Paragraph 7 of the Imakyure Declaration, (Doc. 15-2 at pg. 2 of 84; PageID #372), is objectionable because it is irrelevant to deciding the instant Motion.

As paragraph 7 makes clear, such purported meet and confer videoconference occurred on April 11, 2025, nearly two months before the instant action was even removed to this Court on May 30, 2025. (Doc. 1.) Thus, what discussions may have taken place while the action was still pending in Riverside County Superior Court are completely irrelevant to deciding the instant Motion.

Indeed, the meet and confer back then was regarding the original Complaint in the instant action because the First Amended Complaint in this action was not even filed until May 5, 2025. (Doc. 1-10) (reflecting a service date of May 2, 2025). As mentioned above, such prior pleadings in the instant action have been superseded entirely by the operative pleading currently at issue, which is the SAC. *Rhodes*, 621 F.3d at 1005.

To the extent that the Court considers paragraph 7 of the Imakyure Declaration, the Court should similarly consider the Declaration of David W. Reid, who is the Plaintiff's counsel who attended such videoconference conducted on April 11, 2025 while the instant action was pending in the Riverside County Superior Court. Reid's declaration disputes significant portions of paragraph 7 of the Imakyure Declaration. (Reid Decl. ¶¶ 2-6.)

**E.    Paragraph 8 of the Imakyure Declaration Is Irrelevant to the Instant Motion.**

Paragraph 8 of the Imakyure Declaration, (Doc. 15-2 at pg. 3 of 84; PageID #373), is objectionable because it is irrelevant to deciding the instant Motion. Notably, it was totally unnecessary for Defendant to submit the declaration of its counsel to address the purported details of the parties' pre-filing conference of counsel in order to comply with L.R. 7-3. L.R. 7-3 merely requires a "statement" in the notice of motion to the following effect:

> "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

(L.R. 7-3.)  L.R. 7-3 contains no requirement to include an actual declaration of counsel to substantiate compliance with L.R. 7-3.  Defendant's attempt to address the "statement" requirement of L.R. 7-3 via paragraph 8 is a transparent attempt to clothe the Imakyure Declaration with purported legitimacy when it has clearly been filed for improper purposes.

Dated:  October 30, 2025                    PACIFIC TRIAL ATTORNEYS, P.C.

                                            By: */s/ Scott J. Ferrell*
                                            Scott. J. Ferrell
                                            Attorneys for Plaintiff

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff, certifies that this brief contains 1,387 words, which complies with the word limit of L.R. 11-6.1.

Dated:  October 30, 2025

                                             */s/ Scott J. Ferrell*
                                             Scott J. Ferrell