**PACIFIC TRIAL ATTORNEYS**
A Professional Corporation
Scott J. Ferrell (Bar No. 202091)
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Suite 800
Newport Beach, California 92660
Telephone: (949) 706-6464
Facsimile:  (949) 706-6469

Attorneys for Plaintiff

# UNITED STATE DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE CODY, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br>　　v.<br>GAINFUL HEALTH INC., a Delaware corporation,<br><br>　　　　　Defendant. | Case No. 5:25-cv-01373-KK-SP<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [DOC. 15-1]**<br><br>[Pl.'s Memorandum of Points and Authorities; Declaration of David W. Reid; Pl.'s Evidentiary Objections to Imakyure Declaration; [Proposed] Order filed concurrently herewith]<br><br>Date:　　　November 20, 2025<br>Time:　　　9:30 a.m.<br>Courtroom:　3<br>Judge:　　　Hon. Kenly Kiya Kato |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     ARGUMENT**

**A.     Exhibits A-C of Defendant's Request for Judicial Notice Are Objectionable as Irrelevant and Their Consideration by the Court Would Necessarily Require the Conversion of Defendant's Motion into a Motion for Summary Judgment.**

Plaintiff objects to Defendant's consideration of Exhibits A-C to Defendant's Request for Judicial Notice ("RJN"), (Doc. 15-1), filed in support of Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint because such documents are irrelevant to deciding the instant Motion. *Rouse v. Conner*, 2012 WL 2589240, at *1 (N.D. Cal. July 3, 2012) (Hamilton, J.) ("the court may deny a request for judicial notice of facts that are not relevant to the question at issue") (citing *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) and *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 393 n.7 (9th Cir. 2000)).

First, Exhibits A-B to Defendant's RJN are allegedly of a "Customized Protein" powder product allegedly offered for sale on Defendant's website at: https://www.gainful.com/products/customized-protein. But, the Second Amended Complaint ("SAC") in the instant action alleges that Plaintiff purchased the "GAINFUL"-branded protein powder product bundled together as a two-unit package named "Gainful Whey Protein Powder Build Muscle Bundle, Post Workout Support, Whey Isolate + Concentrate, Low Carb, Unflavored with Chocolate, Vanilla, Strawberry & Variety Pack Flavor Boosts, 28 Servings" (the "Product") via the Amazon.com website at: https://www.amazon.com functioning as Defendant's storefront. (SAC ¶ 50 & Ex. 4.) Thus, the online advertising on Defendant's own website as opposed to its Amazon.com storefront is irrelevant to deciding the instant Motion.

As for Exhibit C to Defendant's RJN, Defendant relies upon a purported image of a specific product on Defendant's Amazon.com storefront, (Def.'s RJN Ex. C at 1), but such product image is of the "Get Lean Bundle" as demonstrated by the labeling

- 1 -

statement, "Whey Isolate Protein for Getting Lean," depicted in such image. But, that is *not* the Product purchased by Plaintiff. Plaintiff purchased the "Build Muscle Bundle" instead. (SAC ¶¶ 1, 50 & Ex. 4.) Indeed, *the fact that Defendant advertised the "Build Muscle Bundle" via its Amazon.com storefront, but it has failed to seek judicial notice of the precise "Build Muscle Bundle" purchased by Plaintiff speaks volumes*. Notably, even Exhibit C to Defendant's RJN clearly indicates that the "Build" version of Defendant's GAINFUL-branded protein powder product, which is clearly a reference to the "Build Muscle Bundle," is offered for sale via its Amazon.com storefront. (Def.'s RJN Ex. C at 1; Doc. 15-1 at pg. 13 of 30; Page ID #353.) Defendant's argument and purported extrinsic evidence is nothing more than a disingenuous attempt to mislead the Court via the proverbial smoke and mirrors approach to litigation.

The Court cannot take judicial notice of any such extrinsic evidence. *See Gerritsen v. Warner Bros. Enter. Inc.*, 112 F. Supp. 3d 1011, 1030-31 (C.D. Cal. 2015) (Morrow, J.) ("the court declines to take judicial notice of information published on private websites") (citing cases). "Facts subject to judicial notice are those which are either 'generally known within the trial court's territorial jurisdiction' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Naddeo v. Plestis Studios, Inc.*, 2020 WL 10575048, at *2 (C.D. Cal. Nov. 17, 2020) (Olguin, J.) (citing Fed. R. Evid. 201(b)(1)-(2)). Defendant's purported copy of certain webpages on either Gainful.com or Amazon.com is not "generally known within the trial court's territorial jurisdiction," nor can such screenshots "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Although Defendant appears to rely upon the incorporation by reference doctrine as the basis for relying upon Exhibits A-B to its RJN, such reliance is improper. The incorporation by reference doctrine does not apply here because the SAC does not "necessarily depend" on Exhibits A-B (or Exhibit C either). "Incorporation by reference is proper only the where the claims *necessarily depend* on the exhibit in question." *Castaneda v. Flagstar Bank, FSB*, 2021 WL 1232463, at *3 (C.D. Cal. Feb. 1, 2021)

(Fitzgerald, J.) (emphasis added) (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)). Defendant's extrinsic evidence merely creates a defense to the SAC's allegations. "[I]f the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint. Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims." *Khoja*, 899 F.3d at 1002. "Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but with a perverse added benefit: unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts. Without that opportunity to respond, the defendant's newly-expanded version of the complaint—accepted as true at the pleading stage—can easily topple otherwise cognizable claims. Although the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Id.* at 1003. The Ninth Circuit has further explained, "[T]he unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Id.* at 998. "If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Id.* at 999. "Such undermining of the usual pleading burdens is not the purpose of . . . the incorporation-by-reference doctrine." *Id.*

Assuming *arguendo* that the Court considers such extrinsic evidence, such evidence raises serious factual questions that should not be decided as a matter of law.

Finally, it is entirely premature for the Court to decide such factual issues as a matter of law. In order to consider Exhibits A-C to Defendant's RJN in deciding Defendant's Motion to Dismiss Plaintiff's SAC, the Court would be required to convert

1  such motion into a motion for summary judgment under Fed. R. Civ. P. 12(d).  *See* Fed.
2  R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the
3  pleadings are presented to and not excluded by the court, the motion must be treated as
4  one for summary judgment under Rule 56. All parties must be given a reasonable
5  opportunity to present all the material that is pertinent to the motion.").  Thus, Defendant's
6  assumption that the Court can consider Exhibits A-C without converting its Motion to
7  Dismiss Plaintiff's SAC into a summary judgment motion is erroneous.

Dated:  October 30, 2025          PACIFIC TRIAL ATTORNEYS, P.C.

                                  By:  */s/ Scott J. Ferrell*
                                  Scott. J. Ferrell
                                  Attorneys for Plaintiff

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff, certifies that this brief contains 1,138 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 30, 2025

                                                    */s/ Scott J. Ferrell*
                                                   Scott J. Ferrell