UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 25-01373-KK-SPx | Date: | December 9, 2025 |
|---|---|---|---|
| Title: | *Annette Cody v. Gainful Health Inc.* | | |

Present: The Honorable **KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE**

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order GRANTING Defendant's Motion to Dismiss [Dkt. 15]

## I.
## INTRODUCTION

On August 29, 2025, plaintiff Annette Cody ("Plaintiff") filed the operative Second Amended Class Action Complaint ("SAC") against defendant Gainful Health Inc. ("Defendant"), alleging various fraud-based claims arising from her purchase of Defendant's product from Defendant's Amazon.com storefront. ECF Docket No. ("Dkt.") 14, SAC. On September 12, 2025, Defendant filed the instant Motion to Dismiss ("Motion"). Dkt. 15, Motion ("Mot.").

The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, Defendant's Motion is **GRANTED**.

## II.
## BACKGROUND

**A.    RELEVANT FACTS**

As alleged in the SAC, Plaintiff is a citizen of California. SAC ¶ 4. Defendant is a Delaware corporation with its principal place of business in New York and manufactures and sells protein powder nutritional supplement products. Id. ¶¶ 5, 48. Plaintiff seeks to bring claims on behalf of herself individually and the class of consumers defined as "All persons who purchased a GAINFUL-

branded protein powder product in California from January 15, 2021 through the date a class is certified for primarily personal, family or household purposes, and not for resale." Id. ¶ 66.

On October 26, 2024, Plaintiff purchased "Gainful Whey Protein Powder Build Muscle Bundle, Post Workout Support, Whey Isolate + Concentrate, Low Carb, Unflavored with Chocolate, Vanilla, Strawberry & Variety Pack Flavor Boosts, 28 Servings" (the "Product") from Defendant's online storefront at Amazon.com. Id. ¶ 1; id., Ex. 4. Plaintiff purchased the Product with "dual motivations." Id. ¶ 53. "First, Plaintiff is a consumer rights 'tester' who creates public benefit by ensuring that companies comply with their obligations under California law. Second, Plaintiff was genuinely interested in consuming and enjoying the Product, and did so – with disappointment that the package had significant amounts of empty space." Id.

The Product "included two pouches or bags [and] contained 14 servings per container." Id. ¶ 1. The Product is packaged in an opaque container "that does not allow the customer to fully view its contents." Id. ¶ 15. In support of her SAC, Plaintiff attaches Exhibits 1 through 3 that are alleged to be images depicting the front and back labels and "the level of fill within the two stand-up pouches or bags" of the Product purchased by Plaintiff.[1] Id. ¶ 2. As indicated on the back label of the Product, the "Nutrition Facts" label states: "14 servings per container" and "Serving size 1 scoop (30g)[.]" Id., Ex. 2. Plaintiff alleges "[t]o increase profits at the expense of consumers and fair competition, Defendant deceptively sells the Product and its entire line of protein powder products in oversized packaging that does not reasonably inform consumers that they are buying approximately 40 percent of a pouch or bag significantly full of air." Id. ¶ 1. Specifically, "actual product only occupies approximately 60% of the exterior space represented by the Product's packaging container purchased by Plaintiff." Id. ¶ 2. Additionally, because "[t]he manufacturing process to fill and seal the containers of protein powder . . . products under [] GAINFUL . . . is either substantially similar or identical . . . all varieties and types of Defendant's protein powder products contain similar amounts of non-functional slack-fill regardless of the specific variety." Id. ¶ 49.

Plaintiff "relied upon the packaging (depicted on the amazon.com website)" to purchase the Product. Id. ¶ 52. Plaintiff also "understood the size of the package and product label to indicate that the amount of product contained therein was commensurate with the size of the package, and would not have purchased the Product, or would not have paid a price premium for the Product, had Plaintiff known that the size of the package and product label were false or misleading." Id. Further, Plaintiff "would not have purchased the Product had Plaintiff known that the Product contained slack-fill that serves no functional or lawful purpose, and would have consumed the entirety of the contents if the package was filled to Plaintiff's expectations." Id. ¶ 55.

---

[1] Defendant argues the images of the alleged product in Plaintiff's exhibits do not represent the product Plaintiff purchased from Defendant's Amazon.com storefront because Plaintiff's images pertain to a product "only available on Gainful.com," not Defendant's Amazon.com storefront. Mot. at 3, 6-7. However, at the pleading stage, the Court must accept the allegations as true and, thus, "the Court declines to rely on Defendant's proffered evidence to the contrary[,]" BMW of N. Am., LLC v. S.F. Express Corp., No. 20-CV-01574-AB-JPRx, 2020 WL 10486758, at *4 n.1 (C.D. Cal. Aug. 6, 2020) (citation omitted), and is limited to the facts alleged in Plaintiff's SAC, see Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989) (in considering a motion to dismiss, a court may consider only the material in the pleading and "material which is properly submitted as part of the complaint").

As a result, Plaintiff seeks damages, including equitable remedies.  Id. at 31.

**B.   PROCEDURAL HISTORY**

On January 15, 2025, Plaintiff initiated the instant action by filing a Complaint against Defendant in Riverside County Superior Court.  Dkt. 1-1.  On May 2, 2025, Plaintiff filed a First Amended Class Action Complaint ("FAC").  Dkt. 1 ¶ 4; dkt. 1-10.

On May 30, 2025, Defendant removed the action to this Court.  Dkt. 1.  On August 15, 2025, the Court granted Defendant's Motion to Dismiss the FAC with leave to amend because Plaintiff failed to file an opposition to Defendant's motion, and "Plaintiff's failure to file an opposition is deemed consent to the granting of the Motion."  Dkt. 13 at 1.

On August 29, 2025, Plaintiff filed the operative SAC against Defendant, asserting the following claims:

(1)   **Cause of Action One:** Common Law Fraud;
(2)   **Cause of Action Two:** Violation of California Consumer Legal Remedies Act under California Civil Code Section 1750 ("CLRA");
(3)   **Cause of Action Three:** Violation of False Advertising Law under California Business & Professions Code Section 17500 ("FAL"); and
(4)   **Cause of Action Four:** Violation of Unfair Competition Law under California Business & Professions Code Section 17200 ("UCL").

SAC ¶¶ 73-107.

On September 12, 2025, Defendant filed the instant Motion, arguing Plaintiff fails to state a claim for any cause of action.  Mot.  In support of its Motion, Defendant filed a Request for Judicial Notice, dkt. 15-1, and the declaration of Daniel Imakyure, dkt. 15-2 ("Imakyure Decl.").

On October 30, 2025, Plaintiff filed an Opposition to Defendant's Motion.  Dkt. 16, Opposition ("Opp.").  In support of her Opposition, Plaintiff filed (1) a declaration of D. Reid, dkt. 16-1; (2) her evidentiary objections to the declaration of Daniel Imakyure, dkt. 16-2; and (3) her response in opposition to Defendant's Request for Judicial Notice, dkt. 16-3.

On November 6, 2025, Defendant filed a Reply in support of its Motion.  Dkt. 17, Reply.  Further, Defendant filed (1) a reply in support of its Request for Judicial Notice,[2] dkt. 17-1; (2) its

---

[2] A court may take judicial notice of documents extrinsic to the complaint if no party contests their authenticity and the complaint "necessarily relies" upon the documents, Parrino v. FHP, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998), superseded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676 (9th Cir. 2006).  Defendant requests the Court take judicial notice of (1) Exhibit A, the "copies of the front label and the Nutrition Facts panel on the back label of [Defendant's] 'Customizable Protein' powder product" as they appeared on Defendant's website; (2) Exhibit B, "copies of [Defendant's] website product listing for its 'Customized Protein' powder product, as it appeared on [Defendant's] website"; and (3) Exhibit C, "copies of [Defendant's] Amazon product listing for its 'Gainful Whey Protein

response to Plaintiff's evidentiary objections to the declaration of Daniel Imakyure,[3] dkt. 17-2; and (3) the declaration of Peter Bae, dkt. 17-3.

This matter, thus, stands submitted.

---

Powder Get Lean Bundle, Meal Replacement, Post Workout Support, Whey Isolate + Concentrate, Unflavored w/Chocolate, Vanilla, Strawberry & Variety Pack Flavor Boosts, 28 Servings' (Bundle) product," as it appeared on Defendant's Amazon.com storefront. Dkt. 15-1 at 1. With respect to Exhibits A and B, because the Court does not necessarily rely on these documents, the Court declines to take judicial notice of them. See Duarte v. JPMorgan Chase Bank, Nat'l Ass'n, No. CV-21-01907-ODW-AFMx, 2021 WL 5299908, at *2 (C.D. Cal. Nov. 15, 2021).

With respect to Exhibit C, the image provides Defendant's product listing as it appeared on its Amazon.com storefront for "Gainful Whey Protein Powder Get Lean Bundle, Meal Replacement, Post Workout Support, Whey Isolate + Concentrate, Unflavored w/Chocolate, Vanilla, Strawberry & Variety Pack Flavor Boosts, 28 Servings." Dkt. 15-1 at 1 (emphasis added). However, Plaintiff alleges she purchased the "Gainful Whey Protein Powder Build Muscle Bundle, Post Workout Support, Whey Isolate + Concentrate, Low Carb, Unflavored with Chocolate, Vanilla, Strawberry & Variety Pack Flavor Boosts, 28 Servings." SAC ¶ 1; id., Ex. 4. Accordingly, Plaintiff objects to the Court taking Exhibit C under judicial notice because "that is not the Product purchased by Plaintiff." Dkt. 16-3 at 3. In reply, Defendant argues Plaintiff "would have reached the exact webpage depicted in Exhibit C, and would have encountered the same product name that included the number of servings and affirmatively selected the number of servings she was purchasing," whether Plaintiff purchased the "Get Lean" or "Build Muscle" product. Dkt. 17-1 at 6. However, because Plaintiff has directly challenged the authenticity of Exhibit C and claims it does not depict the product she allegedly purchased in the SAC, the Court cannot take judicial notice of Exhibit C for the truth of the matters asserted therein. See EVO Brands, LLC v. Al Khalifa Grp. LLC, 657 F. Supp. 3d 1312, 1321 (C.D. Cal. 2023) ("A court may not take judicial notice of the truth of disputed factual matters at the pleading stage." (citation omitted)). Hence, Defendant's Request for Judicial Notice with respect to Exhibit C is **DENIED**.

[3] Defendant's counsel, Daniel Imakyure, attaches the following exhibits to his declaration: (1) Exhibit D, Plaintiff's counsel, Scott Ferrell's demand letter dated December 10, 2024, Imakyure Decl., ¶ 2, Ex. D; (2) Exhibit E, Plaintiff's January 15, 2025 Complaint, Imakyure Decl. ¶ 3, Ex. E; (3) Exhibit F, Plaintiff's FAC, Imakyure Decl. ¶ 4, Ex. F; (4) Exhibit G, SAC, Imakyure Decl. ¶ 5, Ex. G; and (5) Exhibit H, a list of slack-fill cases filed by counsel Ferell or his office, Pacific Trial Attorneys, Imakyure Decl. ¶ 5, Ex. H. Plaintiff objects to Exhibits D, E, F, and H as irrelevant, superseded, or biased. See dkt. 16-2 at 1-3. Plaintiff also objects to paragraphs seven to eight of the Imakyure Declaration, which describe the meet and confer conversations between counsel on April 11, 2025 and September 8, 2025, as irrelevant.

With respect to Exhibits D through F and paragraphs seven to eight of the Imakyure Declaration, to the extent Defendant relies on these exhibits to cast doubt on the facts alleged in the SAC, the Court does not rely on them in its analysis because it must accept Plaintiff's allegations as true at the pleading stage. With respect to Exhibit H, while Defendant attaches the list of slack-fill cases litigated by Plaintiff's counsel as an exhibit to a declaration instead of submitting a request for judicial notice, the Court construes it as a judicial notice request. Gero v. U.S. Gov't, No. 16-CV-04449-JSC, 2017 WL 550230, at *1 n.1 (N.D. Cal. Feb. 10, 2017) (construing the exhibit to a declaration as a judicial notice request). The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citations omitted). Thus, the Court hereby takes judicial notice of Exhibit H.

Accordingly, Plaintiff's objections are **OVERRULED**.

## III.
## LEGAL STANDARD

A complaint may be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) "only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).  In considering whether a complaint states a claim, a court must "construe the pleadings in the light most favorable to the nonmoving party," Capp v. Cnty. of San Diego, 940 F.3d 1046, 1052 (9th Cir. 2019) (quoting Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005)), accepting as true all factual allegations in the complaint and drawing all reasonable inferences in the nonmoving party's favor, Moreno v. UtiliQuest, LLC, 29 F.4th 567, 573 (9th Cir. 2022).  The court, however, need not accept as true "a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Iqbal, 556 U.S. at 678).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

## IV.
## DISCUSSION

**A.   PLAINTIFF LACKS STANDING TO SUE FOR UNPURCHASED PRODUCTS**

    **1.   Applicable Law**

"There is a split in authority among district courts in the Ninth Circuit whether plaintiffs have Article III standing to bring claims for products they did not personally purchase but that were purchased by unnamed class members." Oh v. Fresh Bellies, Inc., No. CV 24-5417-PSG-JPRx, 2024 WL 4500727, at *4 (C.D. Cal. Oct. 15, 2024) (collecting cases).  On the one hand, some courts find "plaintiffs can bring claims for products they did not purchase as long as the products and alleged misrepresentations are substantially similar [("substantial similarity test")]." Clevenger v. Welch Foods Inc., No. SACV 20-01859-CJC-JDEx, 2022 WL 16964009, at *4 (C.D. Cal. Feb. 25, 2022) (citation modified).  Under the substantial similarity test, courts consider "whether the products at issue and alleged misrepresentations are substantially similar." Gamez v. Summit Nats. Inc., No. CV-22-05894-DSF-KSx, 2022 WL 17886027, at *6 (C.D. Cal. Oct. 24, 2022).  "The relevant factors in this inquiry include similarity in products, claims, and injury to customers." Id.  "Products are substantially similar where the resolution of the asserted claims will be identical between the purchased and unpurchased products." Id. (citation modified).  On the other hand, other courts take a stricter approach and find a plaintiff lacks standing to sue for unpurchased products on behalf of a class because the plaintiff "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." See Lorentzen v. Kroger Co., 532 F. Supp. 3d 901, 908 (C.D. Cal 2021) (citing Lewis v. Casey, 518 U.S. 343, 357 (1996) (citation modified)); accord

Fresh Bellies, Inc., 2024 WL 4500727, at *4 (holding "[t]he similarity of a product, by itself, does not explain how Plaintiff suffered an injury traceable to the allegedly wrongful conduct of another" as "Plaintiff has not shown that another's purchase of a different variation of the Product, although similar, is 'an invasion of [her own] legally protected interest.'"(citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992))).

The Court need not resolve the conflict here because, as discussed below, Plaintiff fails to meet either of the standards.

### 2. Analysis

Here, Plaintiff seeks to represent "[a]ll person who purchased a GAINFUL-branded protein powder product," SAC ¶ 66, and seeks relief regarding Defendant's "entire line of GAINFUL-branded protein powder products[.]" Id. at 31. Plaintiff argues she has standing to sue for unpurchased products under the substantial similarity test, alleging Defendant's manufacturing process for "all varieties and types" of its protein powder products is "substantially similar or identical" and that all such products purportedly contain "similar amounts of non-functional slack-fill." Opp. at 18-19; SAC ¶ 49.

Plaintiff's allegations are insufficient because Plaintiff identifies no specific products other than the one she purchased, nor does she allege any facts connecting the purchased product to other "varieties and types" of Defendant's protein powder products beyond the conclusory allegation that Defendant uses similar manufacturing processes and allegedly includes similar slack-fill. Cf. Gordon v. Tootsie Roll Indus., Inc., No. CV 17–2664 DSF-MRWx, 2017 WL 4786090, at *2 (C.D. Cal. Oct. 4, 2017) (finding substantial similarity where the complaint detailed parallel product attributes between two of the products at issue, including their ingredients, packaging, and slack-fill, but holding plaintiff failed to allege similarity as to other unspecified products); accord Gamez, 2022 WL 17886027, at *6 (finding plaintiff failed to allege similarity across "all sizes and varieties" where the complaint did not identify those varieties, the purchased product, or whether the images in the complaint were representative).

Plaintiff's allegations also fail to satisfy standing under the stricter approach. Specifically, Plaintiff fails to allege she purchased "all varieties and types" of Defendant's protein powder products or how "all varieties and types" of Defendant's protein powder products' slack-fill, if any, constitute "an invasion of [her own] legally protected interest." Fresh Bellies, Inc., 2024 WL 4500727, at *4 (quoting Lujan, 504 U.S. at 560).

Accordingly, Plaintiff has not adequately demonstrated standing to sue for unpurchased products. Hence, Defendant's motion to dismiss Plaintiff's claims for unpurchased products is **GRANTED**.[4]

---

[4] Defendant also argues Plaintiff lacks standing for injunctive relief because her future injury allegations are conclusory and she "cannot plausibly be deceived in the future" as she can cross-check her previous purchases by examining the net weight and serving information before purchasing. Mot. at 18 (citing Jackson v. Gen. Mills, Inc., No. 18CV2634-LAB (BGS), 2020 WL 5106652, at *5 (S.D. Cal. Aug. 28, 2020)). In Jackson, the court found plaintiff lacked standing to seek injunctive relief with respect to defendant's cereal product because plaintiff "is on notice of

**B.    PLAINTIFF ALLEGES WITH SUFFICIENT PARTICULARITY UNDER RULE 9(B)**

    **1.    Applicable Law**

Fraud-based allegations in federal court are also governed by Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"). "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge[.]" Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). Put differently, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Id. (citing Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)); see also Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 964 (9th Cir. 2018). Specifically, in applying Rule 9(b) for deceptive product packaging or labeling claims, courts in California apply a relatively straightforward test: "[t]he 'who' is the defendant; the 'what' is the allegedly misleading packaging; the 'when' is the proposed class period during which time the packaging was deceptive; the 'where' is the packaging containing the allegedly misleading statement—or in the case of deceptive packaging, the packaging itself—and the 'how' is the plaintiff's explanation for why the packaging is misleading." Matic v. U.S. Nutrition, Inc., No. 18-CV-9592-PSG, 2019 WL 3084335, at *7 (C.D. Cal. Mar. 27, 2019) (quotations omitted).

Rule 9(b) further states, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Therefore, "a party is not required to plead with specificity the alleged wrongdoer's state of mind." Body Jewelz, Inc. v. Valley Forge Ins. Co., 241 F. Supp. 3d 1084, 1089 (C.D. Cal. 2017) (citing Concha v. London, 62 F.3d 1493, 1503 (9th Cir. 1995)).

    **2.    Analysis**

As alleged by Plaintiff, the "who" is Defendant, the "what" is "the filling of the Product in an oversized container", the "when" is October 26, 2024, when Plaintiff purchased the Product, the "where" is the packaging of the Product, and the "how" is the Product's substantial non-functional slack fill. SAC ¶¶ 2, 75. Because Plaintiff's allegations clearly set forth the basis for her fraud-based claims and Defendant therefore has the opportunity to prepare an adequate answer to the fraud

---

facts in her own complaint. If she chooses to ignore them and rely on box size alone, her reliance would not be reasonable." 2020 WL 5106652, at *6. However, in Barrett v. Optimum Nutrition, the court rejected the argument that net-weight and serving disclosures defeat standing, because "this does not necessarily provide the reasonable consumer a meaningful metric for how much powder is in the container." No. CV 21-4398-DMG-SKx, 2022 WL 2035959, at *5 (C.D. Cal. Jan. 12, 2022) (citing Padilla v. Whitewave Foods Co., No. CV-18-09327-JAK-JCx, 2019 WL 4640399, at *12 (C.D. Cal. July 26, 2019) ("Plaintiffs could not readily determine the volume of protein powder they were purchasing at a given price point without first buying the product.")). The Product at issue here is materially indistinguishable from the protein powder products in Barrett and Padilla because Plaintiff "cannot tell how much empty space is in the container without first purchasing the Product and opening it." Id. Accordingly, the Court declines to extend Jackson to the instant case and concludes Plaintiff has adequately alleged standing to pursue injunctive relief.

allegations, Plaintiff has alleged with sufficient particularity under Rule 9(b).  See Fresh Bellies, Inc., 2024 WL 4500727, at *5 (finding plaintiff alleged with particularity for the deceptive labeling of a snack product where plaintiff alleged "the 'who' is defendant; the 'what' is the 'nonfunctional' slack-fill in the 'Strawberry Feels Forever' Product packaging; the 'when' is March 2024, when Plaintiff purchased the Product; and the 'how' is Defendant's misrepresentation of the Product's quantity with about 37 percent of empty space, with 'no functional purpose.' . . . As to the 'where,' the packaging itself satisfies the test for the application of Rule 9(b).") (citation modified).[5]

### C.  PLAINTIFF FAILS TO STATE FRAUD-BASED CLAIMS BECAUSE PLAINTIFF FAILS TO ALLEGE ACTUAL RELIANCE

#### 1.  Applicable Law

Under California law, to establish a claim for fraud, a plaintiff must show "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage."  Lazar v. Superior Ct., 12 Cal. 4th 631, 638 (1996).  The UCL, FAL, and CLRA similarly "prohibit unlawful, unfair, or fraudulent business practices."  Ebner v. Fresh, Inc., 838 F.3d 958, 963 (9th Cir. 2016).  The UCL prohibits "any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  The FAL prohibits false or misleading advertising, which "is untrue or misleading, and which is known, or . . . should be known, to be untrue or misleading."  Cal. Bus. & Prof. Code § 17500.  The CLRA prohibits specific "unfair methods of competition and unfair or deceptive acts . . . intended to result or that results in the sale or lease of goods or services to any consumer[.]"  Cal. Civ. Code § 1770(a).  Like a plaintiff alleging a claim for fraud, "[a] plaintiff alleging claims under the CLRA, FAL, or UCL, must allege actual reliance."  Stewart v. Kodiak Cakes, LLC, 537 F. Supp. 3d 1103, 1135 (S.D. Cal. 2021) (citations omitted).

"Actual reliance in the context of a fraud-based claim . . . requires a plaintiff allege that [she] (1) was exposed to (e.g., heard, read, or saw) a defendant's representation regarding a product, (2) that was false and/or misleading, (3) to which a reasonable person would attach importance (materiality), and (4) incurred economic injury as a result (e.g., by purchasing the product for more money than the plaintiff would have (or not purchasing the product at all) but for the misrepresentation)."  Gonzales v. Nat. Factors Nutritional Prods. Inc., No. CV 24-02584-DSF-ASx, 2024 WL 4609853, at *6 (C.D. Cal. June 28, 2024) (citation modified).  "To adequately allege reliance, a plaintiff must, at a minimum, allege that [s]he saw the representation at issue."  Id. (citing Durell v. Sharp Healthcare, 183 Cal. App. 4th 1350, 1363 (2010); Kwikset Corp. v. Superior Ct., 51 Cal. 4th 310, 327 (2011)).

///

---

[5] Defendant argues Plaintiff fails to plead with particularity because Plaintiff's counsel appears to have represented Plaintiff purchased a different product in the parties' April 11, 2025 meet and confer.  Mot. at 8-9; Reply at 6-9.  Additionally, Defendant argues Plaintiff's prior CLRA demand letter and pleadings cast doubt as to what product Plaintiff in fact purchased.  Id.  However, at this stage, the Court is limited to the facts alleged in Plaintiff's SAC and, thus, will not consider Defendant's attempt to cast doubt on the facts as alleged.  See Hal Roach Studios, Inc., 896 F.2d at 1555 n.19.

### 2. Analysis

Here, Plaintiff seeks to bring a claim for fraud and fraud-based claims under the CLRA, FAC and UCL.  However, Plaintiff fails to allege actual reliance because she fails to allege she "heard, read, or saw" Defendant's allegedly false or misleading product packaging prior to purchasing it.  Rather, Plaintiff alleges only that she saw the Product on Defendant's Amazon.com storefront, and "relied upon the packaging [as] depicted on the amazon.com website."  SAC ¶ 52.  However, Plaintiff does not allege the packaging's size, or any other feature purportedly constituting a misrepresentation of the size of the Product, was actually discernible from the image on the Amazon storefront.  Nor does Plaintiff allege the Amazon.com listing included any additional photographs, scale references, or descriptive statements that would have misled a reasonable consumer.  Compare Gonzales 2024 WL 4609853, at *6 (holding plaintiff failed to allege actual reliance for the slack-fill claims for a protein powder ordered online where plaintiff alleged he relied on the opaque packaging and its size as depicted on the retailer's website because "the First Amended Complaint does not allege that he looked at or relied on anything on the Nutrition World website before purchasing the product"),[6] with Oh v. Catalina Snacks, Inc., 764 F. Supp. 3d 903, 916 (C.D. Cal. 2025) (finding plaintiff sufficiently alleged actual reliance where a photo on the Amazon webpage depicted "the [p]roduct's packaging next to a bowl of cereal, thus providing an indication of the packages' size").  Accordingly, Plaintiff's actual reliance allegations here are insufficient.[7]

Hence, because Plaintiff fails to allege actual reliance as needed to bring a claim for fraud and fraud-based claims under the CLRA, UCL, and FAL, Causes of Action One to Four are **DISMISSED**.  See, e.g., Gonzales, 2024 WL 4609853 at *5 (granting defendant's motion to dismiss Plaintiff's fraud-based claims for failing to allege actual reliance); accord Peterson v. Mazda Motor of Am., Inc., No. SACV-13-1972-DOC-ANx, 2014 WL 12817797, at *7 (C.D. Cal. July 3, 2014) ("Because [plaintiff] does not allege sufficient facts showing reliance, the Court DISMISSES

---

[6] Indeed, the reliance allegations in Gonzales are materially indistinguishable from those in this case.  Comp. SAC ¶ 52 ("[i]n making the purchase, Plaintiff relied upon the packaging (depicted on the amazon.com website), which is opaque, including the size of the package, which was designed to encourage consumers like Plaintiff to purchase the Product.  Plaintiff understood the size of the package and product label to indicate that the amount of product contained therein was commensurate with the size of the package, and would not have purchased the Product, or would not have paid a price premium for the Product, had Plaintiff known that the size of the package and product label were false or misleading.") with Gonzales, No. 2:24-CV-02584-DSF-AS, dkt. 19, First Amended Complaint ("In making the purchase, Plaintiff relied upon the opaque packaging, including the size of the package and product label, that was designed to encourage consumers like Plaintiff to purchase the Product. Plaintiff understood the size of the package and product label to indicate that the amount of product contained therein was commensurate with the size of the package, and would not have purchased the Product, or would not have paid a price premium for the Product, had Plaintiff known that the size of the package and product label were false and misleading.").  Notably, Gonzales appears to be one of the several slack-fill cases Plaintiff's counsel have filed in this District.  See dkt. 15-2 at 81.

[7] Plaintiff cites to Fresh Bellies, Inc., 2024 WL 4500727, at *5 for the proposition "similar allegations were 'enough to give rise to a plausible inference that Plaintiff relied on the slack-fill in making her purchase.'"  Opp. at 6.  However, Fresh Bellies, Inc. is clearly distinguishable from this case, as the plaintiff there purchased the product at issue in a physical store rather than from an online store.  See 2024 WL 4500727, at *1.

WITHOUT PREJUDICE [plaintiff's] claims under the CLRA, the UCL, the FAL, and fraudulent concealment.").

### D. PLAINTIFF IS GRANTED LEAVE TO AMEND

#### 1. Applicable Law

A court should freely grant leave to amend a complaint dismissed for failure to state a claim. Fed. R. Civ. P. 15(a)(2); see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009). The court may dismiss without leave to amend, however, "if it determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (citations omitted).

#### 2. Analysis

Here, the Court cannot conclude amendment would be futile because it is possible "allegation of other facts consistent with the challenged pleading could . . . cure the deficiency." Telesaurus VPC, LLC, 623 F.3d at 1003. In addition, leave to amend would not prejudice Defendant or produce undue delay. Accordingly, Plaintiff's SAC is **DISMISSED WITH LEAVE TO AMEND**.

## V.
## CONCLUSION

For the reasons set forth above, the Motion is **GRANTED** as follows:

1. Defendant's request for dismissal of Plaintiffs' unpurchased product claims is **GRANTED WITH LEAVE TO AMEND**; and

2. Defendant's request for dismissal of Plaintiff's Causes of Action One through Four is **GRANTED WITH LEAVE TO AMEND**.

**No later than fourteen (14) days from this Order,** Plaintiff may file a Third Amended Complaint. **If Plaintiff chooses to file an amended complaint, Plaintiff shall lodge as an exhibit a redlined version of the amended pleading indicating all additions and deletions of material.** Plaintiff is expressly warned that failure to cure the deficiencies identified in this Order will result in dismissal of any deficient claims without leave to amend. Additionally, failure to file a timely Third Amended Complaint will result in this action being dismissed for failure to prosecute and comply with Court orders. See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.