PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff and the Proposed Class

JACOB M. HARPER (State Bar No. 259463)
jharper@dwt.com
KATELYN A. FELICIANO (State Bar No. 350385)
katelynfeliciano@dwt.com
DANIEL IMAKYURE (State Bar No. 356869)
danielimakyure@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

*Attorneys for Defendant Gainful Health Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANNETTE CODY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GAINFUL HEALTH INC., a Delaware corporation,<br><br>Defendant. | Case No.: 5:25-cv-01373-KK-SP<br>Assigned to Hon. Kenly Kiya Kato<br><br>**FEDERAL RULE OF CIVIL PROCEDURE 26(f) JOINT REPORT**<br><br>Scheduling Conference: August 6, 2026<br>Time: 10:00 a.m.<br>Courtroom: 3<br><br>Action filed: January 15, 2025<br>Removal date: May 30, 2025 |

# **<u>JOINT RULE 26(f) REPORT</u>**

Plaintiff Annette Cody ("Plaintiff") and Defendant Gainful Health Inc. ("Defendant") (collectively, the "Parties"), through their undersigned counsel hereby submit this joint report.

**a. <u>Statement of the Case:</u>**

**Plaintiff's Statement**

Defendant manufactures and sells a popular line of protein powder nutritional supplements. To increase profits at the expense of consumers and fair competition, Defendant deceptively sells the product in oversized packaging that does not reasonably inform consumers that they are mostly buying air. In short, Defendant uses unlawful slack fill to dupe consumers into paying extra for empty space in violation of California's Fair Packaging and Labeling Act ("CFPLA"), Cal. Bus. and Prof. Code § 12601 *et seq.*, which provides, "No food containers shall be made, formed, or *filled* as to be misleading," (Cal. Bus. & Prof. Code § 12606.2(b)) (emphasis added), and (2) California's Sherman Food, Drug, and Cosmetic Law ("Sherman Law"), Cal. Health & Safety Code § 109875 *et seq.*, which provides, "Any food is misbranded if its container is so made, formed, or *filled* as to be misleading," *id.* § 110690 (emphasis added).

Based thereon, Plaintiff asserts four causes of action for (1) common law fraud, (2) California's Consumers Legal Remedies Act (the "CLRA"), California Civil Code § 1750 *et seq.*; (3) California's False Advertising Law (the "FAL"), California Business & Professions Code § 17500 *et seq.*; and (4) California's Unfair Competition Law (the "UCL"), California Business & Professions Code § 17200 *et seq*.

Plaintiff seeks to represent the following class: "All persons who purchased the Product, *i.e.*, the GAINFUL-branded protein powder product known as "Gainful Whey Protein Powder Build Muscle Bundle, Post Workout Support, Whey Isolate + Concentrate, Low Carb, Unflavored with Chocolate, Vanilla, Strawberry & Variety Pack

Flavor Boosts, 28 Servings" in California from January 15, 2021 through the date a class is certified for primarily personal, family or household purposes, and not for resale."

**Defendant's Statement**

Ms. Cody alleges to have purchased the "Gainful Whey Protein Powder Build Muscle, Post Workout Support, Whey Isolate+ Concentrate, Low Carb, Unflavored with Chocolate, Vanilla, Strawberry & Variety Pack Flavor Boosts, 28 Servings" (the Product) from Gainful's Amazon storefront. Gainful's Amazon listing discloses the net weight, grams of protein, serving size, and yield of its contents. Gainful's package label also discloses a net weight of 14.8 ounces (420 grams), 24 servings, a serving size of 1 scoop of 30g of protein and 14 servings per container. The Product's rear label provides instructions on how to use the Product, by mixing or blending the protein powder with 8oz of a liquid. Despite these disclosures, Ms. Cody alleges that the Product's package size misled her to believe the package contained more protein powder than indicated.

Gainful's affirmative defenses include, but are not limited to: (1) Gainful had made no false or misleading affirmative misrepresentation as to the product's contents; (2) Plaintiff cannot identify an actionable mission that Gainful had a duty to disclose; (3) no reasonable consumer would be deceived by Gainful's packaging; (4) Plaintiff lacks standing to pursue her claims for relief; (5) Gainful's product does not contain non-functional slack-fill and conforms with state and federal regulations; (6) Plaintiff cannot identify a price premium attributable to the challenge representation, and therefore, has not incurred damages or restitution; and (7) Plaintiff is not entitled to equitable relief because she has an adequate remedy at law.

**b. <u>Subject Matter Jurisdiction:</u>**

Defendant removed this action from the Superior Court of California for the County of Riverside on May 30, 2025, pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, based on the diversity of citizenship and the amount in controversy exceeding $75,000.

Plaintiff does not dispute Defendant's removal or this Court's subject matter jurisdiction over the matter.

**c. Legal Issues:**

Plaintiff submits the primary legal issues are whether Defendant is using unlawful slack fill in its product and if so, whether Plaintiff and the proposed class are entitled to recovery under her four causes of action: (1) common law fraud; (2) the CLRA; (3) the FAL; and (4) the UCL. Additionally, the certifiability of Plaintiff's proposed class is a legal issue to be addressed.

**d. Parties, evidence, etc.:**

Plaintiff is Annette Cody. Defendant is Gainful Health, Inc., a Delaware corporation with its principal place of business is New York City, New York. There are no other named parties. Each party is expected to be a witness, along with respective experts. The Parties expect that the product, its labeling and packaging, and expert and fact witness testimony to be the primary evidence.

**e. Damages:**

**Plaintiff's Statement**

Plaintiff seeks declaratory relief, an order enjoining Defendant from continuing to package and/or label the Product as is currently the practice, actual damages, statutory damages under section 1780(a)(1) of the California Civil Code, punitive damages, reasonable attorneys' fees and costs, and all other relief at law or in equity that may be just and proper on behalf of the proposed class. As the pleadings are only recently at issue, and discovery has just commenced, calculable damages are speculative at this time.

**Defendant's Statement**

Gainful denies that Plaintiff or any putative class members are entitled to damages, restitution, disgorgement, or any other motion monetary relief. Gainful disputes Plaintiff's allegation that the size of its packaging is misleading or that Plaintiff paid any price premium attributable to the purported amount of slack fill. Gainful further disputes that Plaintiff can establish class-wide injury or damages

through a common methodology. Gainful disputes that any basis exists for injunctive relief given Gainful's online listing and label disclosures. Gainful further denies that Plaintiff is entitled to attorneys' fees, costs, or interest, and reserves all rights and defenses.

**f. Insurance:**

The Parties are unaware of any applicable insurance coverage.

**g. Motions:**

The Parties do not anticipate motions seeking to add other parties or claims, amend pleadings or transfer venue. Plaintiff anticipates filing a motion for class certification. Defendant will oppose Plaintiff's anticipate motion for class certification.

**h. Manual for Complex Litigation:**

The Parties do not believe the Manual for Complex Litigation need be utilized.

**i. Status of Discovery:**

The Parties will shortly commence discovery and agree to exchange initial disclosures on August 5, 2026.

**j. Discovery Plan:**

**Plaintiff's Statement**

The Parties agree to exchange initial disclosures on August 5, 2026, and do not believe any changes to Rule 26(a) need be made. The Parties intend to engage in written discovery, including interrogatories, requests for production and requests for admission. The parties intend to conduct depositions of the Parties and their respective experts. The Parties agree electronically stored information may be exchanged and agree to enter into an agreed upon ESI protocol, if necessary. The Parties agree a protective order will be necessary and will provide a jointly proposed order to the Court. Plaintiff does not believe discovery should be phased or bifurcated into class and merits-based phases as issues tend to overlap.

Plaintiff intends to conduct discovery generally upon the packaging of the product, the reasoning for any amount of powder to be included in the package of the product, all

factors considered in Defendant's decision concerning the amount of powder to be included in the product, any and all written specifications for the packaging of the product, any and all contracts and/or agreements between Defendant and any entities who package the product, any communications between Defendant and any public or government agency concerning the packaging of the product, any complaints Defendant has received from any source concerning the packaging of the product, identities of retailers, resellers and wholesalers of the product, California sales figures for the product during the proposed class period, revenues from California sales of the product during the class period, sales channels for the product in California during the class period, the manufacturer's suggested retail price(s) for the product in California and the factual bases for Defendant's alleged affirmative defenses in this action.

**Defendant's Statement**

Gainful anticipates that discovery will focus on: (1) Plaintiff's purchase of Gainful's product; (2) Plaintiff's reliance on Gainful's product packaging; (3) Plaintiff's perception of Gainful's product contents based listing and label disclosures in addition to package size; (4) Plaintiff's litigation history as it relates to her purported reliance; and (5) discovery related to the elements of Federal Rule of Civil Procedure 23. Gainful reserves its rights to object to any particular request or mode or manner of discovery after it reviews Plaintiff's requests and confers with Plaintiff's counsel. Gainful has not received any discovery requests yet.

Gainful generally agrees with Plaintiff's proposal for discovery plan, except as to Plaintiff's objection to bifurcating class and merits-based discovery. Gainful submits that discovery should be phased as to (1) Plaintiff's individual claims and discovery related to Fed. R. Civ. P. 23's requirements including numerosity, commonality, typicality, adequacy, predominance and superiority; and (2) broad merits-based discovery and post-certification class related discovery. In particular, Gainful objects to production of internal documentation such as internal communications, investigations, detailed liability

analyses, or product development records and individualized damages such as calculations, full sales or revenue data, market analysis, or class-wide damages models, and absent class member discovery prior to an order certifying a class in this action.

**k. Dispositive motions:**

The Parties reserve the right to bring motions for summary judgment and/or summary adjudication, though Plaintiff does not intend to proceed with either at this time. Defendant anticipates filing a motion for summary judgment following the close of fact and expert discovery, and motions to exclude or limit Plaintiff's expert testimony submitted in support of class certification or summary judgment.

**l. Settlement:**

The Parties have not engaged in formal settlement discussion. The Parties are willing to engage in ADR Procedures 2 or 3.

**m. Consent to a Magistrate Judge:**

The Parties do not consent to proceed before a Magistrate Judge.

**n. Trial Estimate:**

The Parties believe trial can be completed in 5 to 7 full court days. The parties anticipate calling 2-4 witnesses each.

**o. Trial Counsel:**

For Plaintiff:

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
David W. Reid, Bar No. 267382
dreid@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

For Defendant:

DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper, Bar No. 259463
jharper@dwt.com
Katelyn A. Feliciano, Bar No. 350385
katelynfeliciano@dwt.com
Daniel Imakyure, Bar No. 356869
danielimakyure@dwt.com
350 South Grand Avenue, 27th Floor
Los Angeles, CA 90071
Tel: (213) 633-6800
Fax: (213) 633-6899

**p. Independent Expert:**

The Parties do not believe a master pursuant to Federal Rule of Civil Procedure 53 need be appointed.

**q. Timetable:**

Please see the Schedule of Pretrial and Trial Dates Worksheet attached hereto.

**r. Other issues:**

The Parties are unaware of any other issues at this time.

DATED: July 23, 2026

Respectfully submitted,

By: */s/Victoria C. Knowles*
Victoria C. Knowles, Esq.
*Attorneys for Plaintiff*

DATED: July 23, 2026

Respectfully submitted,

By: */s/Katelyn A. Feliciano*
Katelyn A. Feliciano
*Attorneys for Defendant*

*I, Victoria C. Knowles, hereby certify that the content of this document is acceptable to all persons required to sign this document and that I obtained the authorizations necessary for the electronic signatures of all parties for this document.*

/s/ *Victoria C. Knowles*
Victoria C. Knowles

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2026, I electronically filed the foregoing **JOINT RULE 26(F) REPORT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Victoria C. Knowles*
Victoria C. Knowles